## COLEMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1926.)

No. 4458.

1. **Criminal law ⬅1054(3)—Failure to note exception in order overruling motion for new trial held not to preclude Circuit Court of Appeals from considering sufficiency of evidence, where ground for new trial alleged error in overruling motion and recited exception thereto.**

Where accused's motion for directed verdict, challenging merits of government's case, was recorded in orders of court setting forth proceedings at trial, and one of his grounds for new trial alleged error in overruling motion, and recited that exception was taken thereto, *held,* that failure to note exception in the order did not prevent Circuit Court of Appeals considering sufficiency of evidence to take case to jury.

2. **Criminal law ⬅1121(1)—Designation of evidence as bill of evidence, instead of bill of exceptions, held not to preclude consideration thereof as bill of exceptions.**

Designation of evidence as bill of evidence, instead of bill of exceptions, did not preclude consideration thereof as bill of exceptions; trial judge having certified that it contained all the evidence.

3. **Conspiracy ⬅48—Evidence held insufficient to go to jury in prosecution for conspiring to violate National Prohibition Act, and for unlawfully possessing and transporting intoxicating liquor (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).**

Evidence *held* insufficient to go to jury in prosecution for conspiring to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and for unlawfully possessing and transporting intoxicating liquor.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Ben Coleman and another were convicted of conspiracy to violate the National Prohibition Act, and of unlawfully possessing and transporting intoxicating liquor, and the named defendant brings error. Reversed.

Martin J. Brown, of Covington, Ky. (John T. Murphy and Charles H. Purdy, both of Covington, Ky., and F. C. Greene, of Louisville, Ky., on the brief), for plaintiff in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (John E. Shepard, Asst. U. S. Atty., of Covington, Ky., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. Plaintiff in error, with others, was indicted on four counts, charged

in each of two of them with conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and in the remaining two with unlawfully possessing and unlawfully transporting 42 quarts of whisky for beverage purposes. Four of the defendants were tried and two acquitted, but plaintiff in error and John Harcourt were found guilty on all four counts.

[1] It is contended that the evidence against Coleman was not sufficient to take the case to the jury. The government insists that the question is not reviewable, because defendant failed to record an exception to the ruling of the District Court on the motion for a directed verdict. The motion challenged the merits of the government's case; it was recorded in the orders of the court setting forth the proceedings at the trial. One of the grounds for a new trial alleged error in overruling the motion and recited that exception was taken thereto. The failure to note the exception in the order does not in these circumstances prevent a consideration by this court on its merits of the question thus raised.

[2] Nor does the designation of the evidence as a bill of evidence, instead of a bill of exceptions (as it was treated below), which was certified by the trial judge as containing all the evidence, preclude the consideration of it as a bill of exceptions.

[3] Coleman was a resident of Cincinnati. He had formerly lived at Owenton. On the 22d day of October, 1922, county court day at Owenton, local officers found in the office of a livery stable, under a stairway, 42 bottles of whisky which had been brought to Owenton and stored in the office by Harcourt. The evidence against Coleman was that he was seen cranking a Ford car that had stalled in front of the stable and presumably had been used for bringing the whisky to Owenton; earlier in the day he had asked permission of an employee of another livery stable in Owenton to store some glassware in his stable, which permission was denied; he signed Harcourt's bond when the latter was arrested on a warrant from the local court, and was seen during the day coming from the office under the stairway with Hammond, another defendant, who was tried and acquitted. It appeared that Coleman had started from Cincinnati for Owenton with some members of his family in a Ford car the day before, as he says for the purpose of seeing others of his family who resided at the latter place; that his car broke down near Glencoe, necessitating his spending the night with a brother, who lived near by, and post-poning his arrival at Owenton until the morning of the 22d. These facts, with such inferences as may be drawn from his acquaintance with Harcourt, who, so far as the record shows, had not theretofore visited Owenton, constitute the evidence upon which the conviction was based. In our opinion, it was not sufficient to submit the case to the jury, and hence the motion for a directed verdict should have been sustained.

Judgment reversed.