678

## VACCARO et al. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
February 15, 1929.

No. 5237.

Knappen, Circuit Judge, dissenting.

Ralph B. Cohen, of Steubenville, Ohio (Edward J. Greely, of Columbus, Ohio, on the brief), for appellants.

Hugh K. Martin, Asst. U. S. Atty., of Columbus, Ohio.

Before MOORMAN, HICKS, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. Appellants, with Joe Pizzola, were indicted, charged in count 1 of the indictment with conspiracy to violate the National Prohibition Act (27 USCA), and in count 2 with unlawfully carrying on the business of distiller without having registered and given bond as required by law. Pizzola pleaded guilty to both charges. Appellants were tried and convicted.

The facts in the case are simple. Pizzola occupied a farm under a lease. On two occasions prohibition officers discovered a still in operation on the farm. On the first, in December, 1927, it was in operation in the barn, and on the other, in May, 1928, it was in operation in the basement of the residence. On the first occasion the officers found in the kitchen of the residence a book containing, among other names, those of Vaccaro and Fabian. It also contained entries relating to whisky and the products from which whisky is made. It does not appear from the entries what relation appellants bore to these products, nor was it shown that the entries were made by Pizzola. The book was admitted in evidence. We doubt that it was admissible, but, if it was, there was still, in our opinion, not sufficient evidence against appellants to submit the case to the jury.

Vaccaro operated a grocery store. The evidence against him consisted of the book referred to, plus the testimony of prohibition officers who saw him on the 18th of December, about 9 o'clock at night, driving an automobile in the direction of the Martin farm which Pizzola occupied and on which the still was found two days later. There appeared to be some sacks in the automobile. One of the officers testified that illicit liquor had been found on Vaccaro's premises at some other time, but no attempt was made to show that either of the other two alleged conspirators had anything to do with this liquor. Neither was it shown where Vaccaro was with reference to the still at the time he was seen driving his automobile in the direction of the farm. Fabian, who seems to have been employed by Vaccaro, was seen on two occasions going in the direction of the Martin farm. On the evening of December 18th he was accompanied by Vaccaro and on the following evening he was alone. On neither occasion did the officers see him return. In May, when a still was found in the basement of Pizzola's residence, Fabian drove up in an automobile just as the officers came out of the residence. One officer said that Fabian attempted to turn round. He did not turn, and the officers examined his car and found in it an empty jug which had no odor of liquor.

Motions for a directed verdict were made at the conclusion of the government evidence. They were overruled, and evidence on behalf of appellants was then introduced. The question of the sufficiency of the evidence was not again raised. We may, however, take notice of and act upon that question in the interest of justice, even though it was not raised in the court below. Sykes v. United States (C. C. A.) 204 F. 909; Clyatt v. United States, 197 U. S. 207, 25 S. Ct. 429, 49 L. Ed. 726; Crawford v. United States, 212 U. S. 183, 29 S. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392. The case, in our opinion, is no stronger on its facts than Coleman v. United States (6 C. C. A.) 11 F.(2d) 601, or

the case against Watkins in Lewis v. United States (6 C. C. A.) 11 F.(2d) 745, and we feel that it is our duty to take notice of the error in submitting it to the jury.

The judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

KNAPPEN, Circuit Judge, dissents.